## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OSSIE ROBERT TRADER              :        CIVIL ACTION
                                 :
            v.                   :
                                 :
PATRICK L. MEEHAN, et al.        :        NO. 02-3791

_____

### M E M O R A N D U M

BUCKWALTER, J.                                    JULY     , 2002

        Plaintiff, an inmate, has filed a pro se 42 U.S.C. §
1983 civil rights complaint against United States Attorney
Patrick L. Meehan, First Assistant United States Attorney Michael
Levey, Assistant United States Attorney Seth Weber, Assistant
United States Attorney William B. Carr, Special Agent Frank
Gallenger of the Federal Bureau of Investigation, and Detective
Scott McCallister of the Upper Whiteland Township Police
Department.

        Plaintiff alleges that the defendants conspired to
present false information to a federal grand jury, causing the
grand jury to return an indictment against him for armed bank
robbery.  Specifically, plaintiff alleges that Detective Scott
McCallister testified that the bank that plaintiff allegedly
robbed was insured by the FDIC.[1]  Plaintiff does not state that
he was tried on or convicted of these charges, however, he claims

_____

1.  With his complaint, plaintiff submitted a copy of a letter in
which an FDIC Senior Attorney informed him that federal deposit
insurance "does not cover an institution for losses incurred as a
result of theft or robbery."  This undated letter is in response
to plaintiff's letter dated October 2, 2000.

that he "has been held in federal custody for almost 8 years."

Plaintiff further claims that his requests to the United States Attorney's Office for information pertaining to his federal indictment failed to produce "accurate information," and that the United States Attorney's Office is in violation of the Privacy Act, 5 U.S.C. § 552, for failing to correct false information in their records pertaining to his indictment. Plaintiff seeks monetary, injunctive and declaratory relief.

With his complaint, plaintiff filed a request for leave to proceed in forma pauperis. As it appears he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis is granted. However, plaintiff's complaint will be dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915(e), for the reasons which follow.

**I. DISCUSSION**

### A.   Prosecutorial Immunity

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). Prosecutors are absolutely immune from liability for money damages under § 1983 for acts "within the scope of [their] duties in initiating and pursuing a criminal prosecution." Id. at 410. As nothing in this complaint suggests that the United States Attorney or any member of his staff acted outside the scope of their prosecutorial duties with regard to the issues raised in this complaint, they are not liable for damages in a § 1983 lawsuit.

2

### B.    Special Agent Frank Gallenger and Detective Scott McCallister

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

<u>Id</u>. at 486-87 (footnotes omitted).  Further, district courts are directed to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  <u>Id</u>.  Unless the plaintiff can demonstrate that the conviction or sentence has been invalidated, the complaint must be dismissed.  Plaintiff's claim that Special Agent Frank Gallenger and Detective Scott McCallister conspired with the United States Attorney's Office to present false information against him in order to secure a federal grand jury indictment, if proven, would "necessarily imply the invalidity" of his conviction and sentence.  <u>Id</u>.  However, since plaintiff has not demonstrated that his conviction or sentence has been invalidated, his claim for damages against these defendants must be dismissed without prejudice.  <u>See</u> <u>Shelton v. Macey</u>, 883 F. Supp. 1047, 1050 (E.D. Pa. 1995) (determining that <u>Heck</u> mandates a dismissal of plaintiff's claim without prejudice to renew if and when his conviction is legally invalidated).

### C.  Plaintiff's Claims for Injunctive and Declaratory Relief

Plaintiff's request for injunctive and declaratory relief to secure the removal of allegedly false information from his criminal records in order to prevent the defendants from further "depriving [him] of his liberty" is, in effect, a request for release from imprisonment.  A request for such relief may only be brought in a habeas corpus action, not a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

## II. CONCLUSION

Plaintiff has advanced an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e) is appropriate.  An order dismissing this complaint follows.

4

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OSSIE ROBERT TRADER            :        CIVIL ACTION
                               :
        v.                     :
                               :
PATRICK L. MEEHAN, <u>et al</u>._____:        NO. 02-3791


### O R D E R

        AND NOW, this     day of July, 2002, in accordance
with the accompanying memorandum, IT IS ORDERED that:

        1.    Leave to proceed <u>in forma pauperis</u> is GRANTED
pursuant to 28 U.S.C. § 1915; and

        2.    This complaint is DISMISSED as legally frivolous
pursuant to 28 U.S.C. § 1915(e).  Such dismissal is without
prejudice to plaintiff's right to refile his damages claim if and
when his conviction or sentence is invalidated.

                            **BY THE COURT:**


                            _____
                            **RONALD L. BUCKWALTER, J.**